IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WESLEY BRIAN EARNEST, | ) | |
|     Petitioner, | ) | Case No. 7:18-cv-00595 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| KEITH W. DAVIS, *et al.*, | ) | United States District Judge |
|     Respondents. | ) | |

**MEMORANDUM OPINION**

Petitioner Wesley Brian Earnest, a Virginia inmate proceeding *pro se* in this action pursuant to 28 U.S.C. § 2254, filed a "Motion to Compel," which was docketed on August 21, 2019, asking the court to require the Bedford County Commonwealth Attorney to provide petitioner a copy of the video surveillance footage from Great Bridge High School in Chesapeake, Virginia, for the dates December 19–20, 2007, and copies of search and seizure warrants in Chesapeake, Virginia, dated from December 20, 2007, to January 22, 2008, involving his case and "showing all electronic surveillance, computer hardware and software, emails, etc. obtained by law enforcement." (Mot. to Compel at 2, Dkt. No. 17.) Though called a motion to compel, the motion appears to be a request for discovery, specifically, a request for production of documents and other items. For the reasons set forth below, the court will dismiss this motion, without prejudice, at this time.

Unlike litigants in other civil cases in federal court, a habeas petitioner is not entitled to discovery as a matter of course, but only if the judge finds good cause. *Bracy v. Gramley*, 520 U.S. 899, 904; *Wolfe v. Johnson*, 565 F.3d 140, 165 n.36. Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts permits a judge to authorize discovery only upon a showing of good cause. Good cause exists when "specific allegations before the court

show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" his entitlement to relief. *Bracy*, 520 U.S. at 908–09; *Wolfe*, 565 F.3d at 165 n.36. Whether to grant discovery during a habeas proceeding is committed to the sound discretion of the district court. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993); *Clark v. Johnson*, 202 F.3d 760, 765–66 (5th Cir. 2000).

In response to Earnest's amended petition, respondents submitted a motion to dismiss and a supporting memorandum, with attached affidavits. The affidavit of prosecuting attorney Wesley Nance (Dkt. No. 20-1) affirms that the Commonwealth never attempted to obtain surveillance video from the high school and has never seen nor possessed the video. (Nance Aff. ¶¶ 6–8.) In the absence of affirmative evidence to contradict Nance's statement and create a genuine factual issue about whether the government received the video, Earnest's request for a copy of the video appears moot, as the government asserts that it does not and has never had the video.

Likewise, attached to Nance's affidavit are affidavits applying for search warrants dated January 5, 2008 (Dkt. No. 20-1, pp. 4–7), and September 18, 2008 (*id.* at 11–13), and a search warrant issued September 18, 2008, along with its search inventory and return (*id.* at 8–10). The warrant issued, if any, on the January 5, 2008 affidavit was not included, nor was the search inventory and return for that date. Of course, at this stage of the proceedings, respondent was not required to provide any of the documents because this court had not granted leave for nor ordered any discovery.

The respondent has filed a motion to dismiss Earnest's petition, which is still under consideration by the court. The court rarely finds it appropriate to authorize discovery before determining whether such discovery is necessary and relevant to the legal and/or factual issues

before the court. For this reason, combined with the respondent's voluntary production of many of the requested documents and an affidavit denying possession of the video, the court declines to authorize discovery at this time and will issue an appropriate order dismissing the motion without prejudice.

 Entered: March 17, 2020.

 */s/ Elizabeth K. Dillon*
 Elizabeth K. Dillon
 United States District Judge