IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WESLEY BRIAN EARNEST,<br>  Petitioner,<br><br>v.<br><br>KEITH W. DAVIS, Warden, et al.,<br>  Respondents. | )<br>)<br>) Civil Action No. 7:18-cv-00595<br>)<br>) By:  Elizabeth K. Dillon<br>)    United States District Judge<br>)<br>) |

**MEMORANDUM OPINION**

Petitioner Wesley Brian Earnest, a Virginia inmate proceeding *pro se*, has filed three motions for relief from this court's judgment, entered September 30, 2020, finding his federal habeas petition under 28 U.S.C. § 2254 untimely. He filed one motion under Fed. R. Civ. P. 60(b)(1), one under Rule 60(b)(6), and one under Rule 60(d)(1). An identical memorandum in support was filed with each motion.[1] For the reasons stated below, the court will deny all three motions.

I. BACKGROUND

In November 2010, a jury found Earnest guilty of first-degree murder of his estranged wife on December 19, 2007, and recommended a sentence of life in prison. Following a pre-sentence report and sentencing hearing on January 25, 2011, the Amherst County Circuit Court entered a final judgment order on February 10, 2011, imposing a life sentence for first-degree murder. The details of the trial are stated exhaustively in this court's memorandum opinion of September 30, 2020. (Dkt. No. 29.) The Court of Appeals of Virginia affirmed Earnest's conviction and sentence. *Earnest v. Commonwealth*, 734 S.E.2d 680 (Va. Ct. App. 2012). The

---

[1] Earnest also filed a motion to exceed word count and page limit (Dkt. No. 46). Unlike the Federal Rules of Appellate Procedure, the procedural rules applicable in district courts do not place a limit on words and pages in briefs. Therefore, the court will deny this motion as moot.

Supreme Court of Virginia refused his petition for appeal and denied his petition for rehearing on September 23, 2013. The United States Supreme Court denied his petition for certiorari on February 24, 2014.

Earnest filed a state petition for habeas corpus in the Amherst County Circuit Court on September 4, 2014, raising several alleged violations of due process (prosecutorial misconduct, denial of right to put on defense evidence of third-party guilt, and denial of a fair trial based on venue), ineffective assistance of counsel, and evidentiary issues. The circuit court wrote a lengthy opinion letter on February 16, 2017, and entered its final order denying Earnest's habeas petition on May 5, 2017. The Supreme Court of Virginia denied his habeas appeal on May 22, 2018, finding no error in the circuit court's judgment. The United States Supreme Court denied certiorari on October 15, 2018.

Earnest's § 2254 petition was received in this court on November 29, 2018. He certified mailing the petition on November 15, 2018, but the postmark on the envelope was November 28, 2018. Nothing in the record supports Earnest's claim that he delivered the paperwork to the prison mailroom on November 15, 2018, but the court used that date as the most favorable one for Earnest. As explained in this court's prior memorandum opinion (Dkt. No. 29), the statute of limitations for filing his federal habeas petition expired on November 13, 2018, after statutory tolling for his state habeas, rendering his federal petition untimely, either by two days or by 15 days, depending on when it was placed in the prison mail.

When given the opportunity to reply to the respondent's motion to dismiss as untimely, Earnest stated (1) that he thought he had to wait until the United States Supreme Court considered his petition for certiorari from the state habeas decision before he could file his federal petition and (2) he lacked access to the law library during prison lockdowns on 24 days

2

of the three and a half months before his petition was due. (*See* Dkt. Nos. 13 and 22.) Based on legal precedent from the United States Supreme Court and from several circuit courts of appeal, the court was constrained to find that Earnest's explanations failed to constitute the extraordinary circumstances required for equitable tolling. Accordingly, the court dismissed his petition as untimely.

Earnest appealed the dismissal to the United States Court of Appeals for the Fourth Circuit. The appellate court held that Earnest failed to show both that the court's procedural ruling was debatable and that he had a debatable claim of the denial of a constitutional right. The court denied him a certificate of appealability and dismissed the appeal. (Dkt. No. 36.) The United States Supreme Court denied his petition for certiorari on May 7, 2021. (Dkt. No. 42.)

On April 1, 2022, the court received Earnest's three motions for relief from judgment under various subsections of Rule 60 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Earnest has moved for relief from judgment under Fed. R. Civ. P. 60(b)(1), 60(b)(6), and 60(d)(1). In the brief submitted to support these motions, Earnest states that the delay was caused by a prison official's three week delay in making copies for petitioner, and he implies that missing the statute of limitations by "two days" should have been excusable neglect, and that the court ruled incorrectly on equitable tolling and actual innocence. Different considerations apply under each of the procedural rules, and the court will discuss each one separately.

### A. The Motion Under Rule 60(b)(1) is Untimely

Relief from a final judgment may be granted under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." The term "mistake" encompasses errors of law made by a judge, including "misapplying controlling law to record facts." *Kemp v. United*

3

*States*, 545 U.S. ___, 142 S. Ct. 1856, 1862 n.2 (2022). "Neglect" includes inadvertence, mistake, or carelessness of a party, as well as intervening circumstances beyond the party's control. *Justus v. Clarke*, ___ F.4th ___, 2023 WL 5211380 at *4 (4th Cir. Aug. 15, 2023) (internal citations and quotations omitted). Earnest's brief in support of his three motions implies that the court erred in its prior ruling that neither equitable tolling nor actual innocence saved his untimely petition and that the brief time between the deadline and the date he filed should be considered "excusable neglect."

Motions under Rule 60(b)(1) must be filed "within a reasonable time" and "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The one-year limit is the "*outer* limit of what may be timely." *United States v. Williams*, 56 F.4th 366, 370 (2023). The one year runs "from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005) (citing cases from five other circuits reaching the same conclusion). Earnest's motion under Rule 60(b)(1) was filed April 1, 2022, just over 18 months after the court's decision of September 30, 2020, well over the one year deadline. The court will deny this motion.

**B. Earnest has not Offered Reasons that Justify Relief Under Rule 60(b)(6)**

Relief is available under Rule 60(b)(6) for "any other reason that justifies relief." Motions under this section must be filed within a "reasonable time," but they are not subject to the one-year outside limitation. This option is "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 142 S. Ct. at 1861. If the grounds for relief fall within the ambit of Rules 60(b)(1) through (b)(3), then a litigant may not use Rule 60(b)(6) to avoid the one year limit. *Wright v. Poole*, 81 F. Supp. 3d 280, 290 (S.D.N.Y. 2014); *Canslor v. Clarke*, No.

4

2:13cv116, 2016 WL 11410205 at *3 (E.D. Va. Feb. 29, 2016). As discussed in the previous section, excusable neglect in missing the statute of limitations and alleged mistake in applying the law to the facts in ruling on equitable tolling and actual innocence fall within Rule 60(b)(1). Therefore, they are not properly raised under Rule 60(b)(6).

The only new issue raised by Earnest concerns the affidavit of counselor Dennis Stephens in support of Earnest's claim that Stephens' delay in making the required copies of the petition was "official conduct" which prevented Earnest from complying with the time limit. To be proper for consideration under Rule 60(b)(6), the motion must be filed within a reasonable time and the moving party must demonstrate extraordinary circumstances. *Justus*, 2023 WL 5211380 at *4. The burden of proof is on the moving party to show that his motion is timely. *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). What counts as a "reasonable time" is a fact-based inquiry that attempts to balance the interests of an aggrieved party from the hardships of potential injustice against the "deep respect for the finality of judgments engrained in our legal system." *Williams*, 56 F.4th at 370. Even a three and a half month delay in filing a Rule 60(b) motion was considered unreasonable when there was no valid reason for the delay. *Id.*

There is no valid reason for the delay in raising counselor Stephens' alleged conduct as cause for delay. When Earnest responded to the respondent's motion to dismiss, this delay was not mentioned. Rather, Earnest relied upon his misunderstanding of whether the petition for certiorari to the United States Supreme Court from his state habeas denial would toll the statute of limitations and upon lockdowns that closed the law library for approximately 24 days during the three and a half months before he filed his petition. (Pet'r's Resp. to Mot. to Dismiss at 2-4, Dkt. No. 13; Pet'r's Resp. to Second Mot. to Dismiss at 2-3, Dkt. No. 22.) Significantly, Earnest included an undated memo from counselor D. Stephens to corroborate the lockdowns, which

stated "because of restricted movement his opportunity for personal legal research may have been hampered." (Pet'r's Ex. I, Dkt. No. 22-1 at 16.) That memo, prepared by the same affiant, made no mention of a three-week delay in making copies for Earnest. Because Earnest clearly knew or should have known about the "official's" delay in copying his materials when he objected to the motion to dismiss, waiting more than 18 months after the final order to file a motion with this information is not within a reasonable time. Accordingly, the court will dismiss the motion under Rule 60(b)(6).

### C. Earnest is not Entitled to an Independent Action for Relief from Judgment under Rule 60(d)(1)

Rule 60(d) provides that "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . ." *Id.* The motion filed by Earnest is not itself an independent action, as an independent action is usually a new case. *Liggins v. Clarke County School Bd.*, No. 5:09cv00077, 2014 WL 6460776 at *5 n.2 (W.D. Va. Nov. 17, 2014). For purposes of resolving this matter, the court will construe the motion as if it were an independent new action for relief from judgment.

An independent action is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38 (1998). To prevail in an independent action for relief, a party must show that (1) the judgment ought not to be enforced in equity and good conscience; (2) that he has a good defense to the claim on which the judgment is founded; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *Great Coastal Express, Inc., v. Int'l Brotherhood. Of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982); *Liggins*, 2014 WL 6460776 at *5.

Earnest seeks relief from this court's determination that his habeas petition is time-barred. Most of his arguments were already considered by the court at the time of the original ruling: Earnest did not state grounds for equitable tolling, nor did he meet the high threshold for actual innocence to avoid the statute of limitations. In arguing actual innocence, he continues to argue the trial evidence in the light most favorable to himself, without consideration for the valid inferences that could be (and were) drawn from the evidence by the jury. Neither an appellate court nor a habeas court may substitute its own interpretation of the facts for those found by the jury. An appellate court must accept the factual findings of the jury unless they are plainly wrong or have no evidentiary support; a trial court's decision is not plainly wrong unless no rational trier of fact could have reached that decision. *Glass v. Commonwealth*, 867 S.E.2d 500, 502–03 (Va. Ct. App. 2022). Likewise, "the role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, . . . not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made" by the state courts. *Davis v. Ayala*, 576 U.S. 257, 276 (2015) (internal quotations and citations omitted).

Nothing Earnest has offered rises to the level required by the actual innocence standard. For example, Earnest knew before trial that the high school security system had video surveillance. Notwithstanding his allegations that the prosecution hid or destroyed the video, the state court already ruled that the prosecution never had the video. Earnest's later unsupported allegation that an attorney for the school board said otherwise changes nothing, as the video is still not available. Nor would the sudden appearance of the video, showing that Earnest was still in Chesapeake at 4:00 p.m. on the date of his estranged wife's death, change the analysis. The Commonwealth at trial did not dispute that Earnest was in Chesapeake at 4:00; rather, their theory of the case was that Earnest had time to make the drive to Bedford after 4:00 p.m. and

then kill her, and there was evidence to support that theory. Defense evidence to the contrary was rejected by the jury. A video showing that he was in Chesapeake at 4:00 p.m. does nothing to contradict the evidence that he still had time to drive to Bedford to commit the crime. An independent action for relief from judgment is not a mechanism for re-arguing the same issues originally argued in his habeas petition. He has not met the actual innocence requirements for avoiding the statute of limitations under *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The only new matter offered by Earnest, the affidavit of D. Stephens, could have been obtained in time for use at the original habeas hearing. Earnest was certainly aware of how long it took to receive his copies from the counselor, and he is at fault for failing to provide this information or present this evidence when he responded to the motion to dismiss as untimely. Because he is responsible for his own failure to provide the evidence, he cannot prevail in an independent action for relief from judgment.[2] The court will also deny this motion.

### III. CONCLUSION

For the reasons stated, Earnest's motions for relief from judgment will be denied. An order in accord with this opinion will be entered.

Entered: September 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Because his own fault contributed to the situation, barring Earnest from relying on this equitable remedy of relief from judgment, the court need not address the other requirements for successfully maintaining an independent action for relief. The court offers no opinion on whether the new information could or would have made a difference in the court's initial decision on timeliness.